IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION



UNITED STATES OF AMERICA

v.  CRIMINAL NO. 2:17cr31 KS-JCG

ALBERT DIAZ, M.D.
18 USC § 1349
18 USC § 1343
21 USC § 846
21 USC § 841(a)(1)
18 USC § 371
18 USC § 1519

**The Grand Jury charges:**

### Background

1. TRICARE, administered by the United States Department of Defense, was a federal health care benefit program that provided health care benefits to members of the United States military, as well as to their families, in addition to military retirees.

2. TRICARE was a "health care benefit program" within the meaning of Title 18, United States Code, Section 24(b).

3. Individuals who qualified for TRICARE benefits were commonly referred to as "beneficiaries."

4. Medical service providers, including hospitals, clinics, physicians, nurse practitioners, and pharmacies ("service providers"), meeting certain criteria, could provide medical services to TRICARE beneficiaries, and subsequently submit claims, either electronically or in hardcopy, to TRICARE seeking reimbursement for the cost of services provided.

5. TRICARE provided prescription drug coverage, including prescription coverage

for compounded medications, to eligible beneficiaries through its pharmacy program.

6. Compounded medications were drugs that were combined, mixed, or altered from other drugs by licensed pharmacists or other licensed practitioners, pursuant to valid prescriptions issued by licensed medical professionals, including physicians and nurse practitioners collectiviely, ("prescribers"), to meet the specific needs of individual patients.

7. Prescribers, including licensed physicians and nurse practitioners, could prescribe compounded medications to patients upon considering patients' diagnoses, medical conditions, health factors, and reactions to other medications, and only after determining that commercially available medications were not as beneficial or potentially inappropriate or harmful to patients.

8. For prescription drugs, including compounded medications, to be appropriately reimbursed, TRICARE required that these drugs be dispensed pursuant to valid prescriptions and be medically necessary for the treatment of covered illnesses. In other words, TRICARE would not reimburse prescription drugs, including compounded medications, which were not medically necessary or dispensed without a valid prescription.

9. TRICARE reimbursed pharmacies dispensing compounded medications based upon the average wholesale price of the individual ingredients contained within the compounded medications.

10. TRICARE's pharmacy program was administered by Express Scripts, a Pharmacy Benefit Manger, whose responsibility was to receive, adjudicate, and pay TRICARE claims submitted by service providers or beneficiaries.

11. Regardless of where service providers provided pharmacy benefits, Express Scripts necessarily adjudicated claims submitted electronically in Piscataway, New Jersey, and claims submitted in hardcopy in Lexington, Kentucky. In other words, whether electronic or hard

copy, claims submitted by service providers located in Mississippi necessarily traveled in interstate commerce to be adjudicated by Express Scripts.

### The Defendant and Relevant Entities and Individuals

12. Defendant **ALBERT DIAZ, M.D.** ("**DIAZ**"), of Gulfport, Mississippi, was a physician licensed to practice medicine in the state of Mississippi.

13. Pharmacy 1, formed in 2008 and located in Lamar County, Mississippi, was initially an open door, retail pharmacy, but in or around 2012, shifted its primary business focus to the production of compounded medications.

14. Marketing Company 1, formed in 2012 and located in Lamar County, Mississippi, contracted with Pharmacy 1 to market Pharmacy 1's compounded medications to service providers and beneficiaries, including TRICARE beneficiaries, in exchange for a percentage of the reimbursements received from health care benefit providers, including TRICARE, for compounded medications dispensed by Pharmacy 1 based on Marketing Company 1's referrals. Marketing Company 1 entered into agreements with numerous individuals and sub-marketing companies to market Pharmacy 1's compounded medications ("Marketers") to service providers, including physicians and nurse practitioners.

15. Marketer 1 entered into an agreement with a sub-marketing company ("Marketing Company 2") of Marketing Company 1 to market Pharmacy 1's compounded medications

16. Marketer 2 was a co-owner of Marketing Company 2. Through Marketing Company 2, Marketer 2 entered into an agreement with Marketing Company 1 to market Pharmacy 1's compound medications.

### COUNT 1

### The Conspiracy and Its Object

17.     The allegations at paragraphs 1 through 16 of this Indictment are realleged and incorporated by reference as though fully set forth herein.

18.     Beginning in or around October 2014, and continuing through in or around January 2017, in Harrison and Lamar Counties, in the Southern District of Mississippi, and elsewhere, the defendant, **ALBERT DIAZ, M.D.**, conspired and agreed with others known and unknown to the Grand Jury, to commit certain offenses against the United States, that is:

    a.    to knowingly and with the intent to defraud devise and intend to devise a scheme and artifice to defraud, and to obtain money and property by means of materially false and fraudulent pretenses, representations, and promises, knowing that the pretenses, representations and promises were false and fraudulent when made, and to knowingly transmit and cause to be transmitted, by means of wire communication in interstate commerce, writings, signs, signals, pictures, and sounds for the purpose of executing such a scheme and artifice, in violation of Title 18, United States Code, Section 1343; and

    b.    to knowingly and willfully execute a scheme and artifice to defraud a healthcare benefit program affecting commerce, as defined in Title 18, United States Code, Section 24(b), that is, TRICARE, and other health care benefit providers, and to obtain, by means of material false and fraudulent pretenses, representations, and promises, money owned by and under the custody and control of TRICARE, and other health care benefit programs, in connection with the delivery of and payment for health care benefits and services, in violation of Title 18, United States Code, Section 1347.

## Purpose of the Conspiracy

19.     It was a purpose of the conspiracy for defendant **DIAZ** and his co-conspirators to unlawfully enrich themselves by, among other things, (a) submitting and causing the submission of false and fraudulent claims to TRICARE; (b) submitting and causing the submission of claims

4

to TRICARE based upon materially false and fraudulent pretenses, representations and promises; and (c) concealing the submission of false and fraudulent claims to TRICARE.

## Manner and Means

20. The manner and means by which defendant **DIAZ** and his co-conspirators sought to accomplish the object and purpose of the conspiracy included, among other things:

   a. To maximize reimbursement from TRICARE and health care benefit programs, Pharmacy 1 formulated compounded medications ("High-Yield Compounded Medications"), not based on scientific evaluations of effectiveness or individualized patient need, but rather, to maximize reimbursement from TRICARE and other health care benefit programs;

   b. Pharmacy 1 mass produced High-Yield Compounded Medications and further created a series of preprinted prescription forms ("Preprinted Prescription Forms") encouraging prescribers to prescribe these High-Yield Compounded Medications;

   c. Marketer 1 solicited **DIAZ** to prescribe Pharmacy 1's High-Yield Compounded Medications to his patients, including TRICARE beneficiaries, and accordingly, provided **DIAZ** with Preprinted Prescription Forms;

   d. **DIAZ** signed Preprinted Prescription Forms prescribing, and authorizing automatic refills for, High-Yield Compounded Medications to beneficiaries, including TRICARE beneficiaries, without first examining the beneficiaries to determine whether the High-Yield Compounded Medications were medically necessary;

   e. In prescribing these High-Yield Compounded Medications, **DIAZ**, on occasion, prescribed, and authorized automatic refills for, Ketamine, a Schedule III controlled substance, to beneficiaries, including TRICARE beneficiaries, whom he never examined;

   f. **DIAZ** delivered signed Preprinted Prescription Forms to Marketers, including Marketer 1, who, in turn, faxed those Preprinted Prescription Forms or caused them to

5

be delivered to Pharmacy 1, intending for the prescribed High-Yield Medications to be dispensed;

      g.     Pharmacy 1 dispensed High-Yield Compounded Medications to beneficiaries, including TRICARE beneficiaries, predicated on the Preprinted Prescription Forms signed by **DIAZ**, and subsequently submitted electronic claims through interstate wire transmissions to TRICARE, via Express Scripts, and other health care benefit providers, seeking reimbursement for the High-Yield Compounded Medications dispensed;

      h.     TRICARE, via Express Scripts, and other health care benefit providers reimbursed Pharmacy 1's claims for dispensing High-Yield Compounded Medications relying on Pharmacy 1's representations that High-Yield Compounded Medications were dispensed based upon valid prescriptions and were medically necessary;

      i.     TRICARE, via Express Scripts, reimbursed Pharmacy 1 more than $2.3 million for claims submitted for dispensing High-Yield Compounded Medications predicated on Preprinted Prescription Forms signed by **DIAZ**;

      j.     In or about December 2015, TRICARE, via Express Scripts, audited the High-Yield Compounded Medications prescribed by **DIAZ** that Pharmacy 1 had dispensed, and accordingly, requested that **DIAZ** provide to TRICARE, via Express Scripts, the patient records supporting the signed Preprinted Prescription forms prescribing High-Yield Compounded Medications along with a completed questionnaire for each beneficiary;

      k.     Thereafter, in or around January 2016, **DIAZ**, together with Marketer 1 and Marketer 2, met with the some of the beneficiaries, including TRICARE beneficiaries, to whom **DIAZ** had previously prescribed High-Yield Compounded Medications, and further created and backdated, or left undated, records for these beneficiaries to make it appear as

6

though **DIAZ** had examined the beneficiaries before he prescribed the High-Yield Compounded Medications that were filled and dispensed by Pharmacy 1.

   l. In or around March 2016, **DIAZ** produced to TRICARE, via Express Scripts, the falsified patient records that he had created in response to the December 2015 TRICARE audit to make it appear as though he had examined the beneficiaries before prescribing the High-Yield Compounded Medications that were dispensed by Pharmacy 1.

   m. In or around May 2016, **DIAZ** produced to the United States Department of Defense and the United States Department of Justice the falsified patient records in response to an administrative subpoena that he had created in response to the December 2015 TRICARE audit to make it appear as though he had examined the beneficiaries prior to prescribing the High-Yield Compounded Medications that were dispensed by Pharmacy 1.

All in violation of Title 18, United States Code, Section 1349.

### COUNTS 2-5

21. Paragraphs 1 through 16 and 20 of the Indictment are realleged and incorporated by reference herein as though fully set forth herein.

22. On or about the dates specified below, in Lamar and Harrison Counties, in the Southern District of Mississippi, and elsewhere, for the purpose of executing the above-described scheme to defraud TRICARE and other health care benefit programs, and obtain money by materially false and fraudulent pretenses and representations, the defendant, **ALBERT DIAZ, M.D.**, aided and abetted by others known and unknown to the Grand Jury, did knowingly cause to be transmitted by means of wire communications in interstate commerce, certain writings, signs, signals, pictures and sounds, namely, false and fraudulent claims for High-Yield Compounded Medications predicated on prescriptions signed by **DIAZ** and dispensed by

7

Pharmacy 1, between Hattiesburg, Mississippi, and Piscataway, New Jersey, with each transmission constituting a separate count:

| Count | Beneficiary | Description of Interstate Wire Communication | Approximate Date Transmitted | Amount Paid |
|---|---|---|---|---|
| 2 | L.H. | 139377 | 10/22/2014 | $11,507.78 |
| 3 | M.C. | 139513 | 10/23/2014 | $11,507.78 |
| 4 | S.C. | 139496 | 10/23/2014 | $11,507.78 |
| 5 | J.M. | 147411 | 1/8/2015 | $11,507.78 |

All in violation of Title 18, United States Code, Sections 1343 and 2.

## COUNT 6

### The Conspiracy and Its Object

23. Paragraphs 1 through 16 and 20 of the Indictment are realleged and incorporated by reference herein as though fully set forth herein.

24. Beginning in or around October 2014, and continuing through in or around May 2015, in Lamar and Harrison, Counties, in the Southern District of Mississippi, and elsewhere, the defendant, **ALBERT DIAZ, M.D.**, did knowingly and intentionally conspire, confederate, and agree with others persons known and unknown to the Grand Jury to distribute and dispense, outside the scope of professional practice and not for a legitimate medical purpose, quantities of ketamine, a Schedule III controlled substance, in violation of Title 21, United States Code, Section 841(a)(1), all in violation of Title 21, United States Code Section, 846.

## COUNTS 7-10

25. Paragraphs 1 through 16 and 20 of the Indictment are realleged and incorporated by reference herein as though fully set forth herein.

8

26. On or about the dates identified in the table below, in Lamar and Harrison Counties, in the Southern District of Mississippi, and elsewhere, the defendant, **ALBERT DIAZ, M.D.**, aided and abetted by others known and unknown to the Grand Jury, did knowingly and intentionally distribute and dispense, outside the scope of professional practice and not for a legitimate medical purpose, quantities of a Schedule III controlled substance:

| Count | Beneficiary | Prescription Date | Prescription Number | Controlled Substance |
|---|---|---|---|---|
| 7 | M.H. | 10/21/2014 | 139400 | Ketamine |
| 8 | L.H. | 10/21/2014 | 139374 | Ketamine |
| 9 | S.C. | 10/23/2014 | 139493 | Ketamine |
| 10 | J.M. | 12/23/2014 | 147381 | Ketamine |

All in violation of Title 21, United States Code, Sections 841(a)(1) and 2.

## COUNT 11

27. Paragraphs 1 through 16 and 20 of the Indictment are realleged and incorporated by reference herein as though fully set forth herein.

28. Beginning in or around December 2015, and continuing through in or around May 2016, in the Southern District of Mississippi, and elsewhere, the defendant, **ALBERT DIAZ, M.D.**, conspired and agreed with others known and unknown to the Grand Jury, to commit certain offenses against the United States, that is, to knowingly alter, destroy, mutilate, conceal, cover up, falsify or make a false entry in a record, document, or tangible object, to wit: patient files and TRICARE audit response forms for individuals to whom **DIAZ** had prescribed High-Yield Compounded Medications filled and dispensed at Pharmacy 1, with the intent to impede, obstruct, or influence the investigation or proper administration of any matter within the jurisdiction of a department or agency of the United States, to wit: a federal grand jury

9

proceeding in the Southern District of Mississippi and a TRICARE audit regarding beneficiary claims submitted through Pharmacy 1, in violation of Title 18, United States Code, Section 1519.

### Purpose of the Conspiracy

29. It was a purpose of the conspiracy for **DIAZ** and his co-conspirators to impede, obstruct, or influence a federal grand jury investigation and a TRICARE audit into Pharmacy 1's claims to TRICARE for medically unnecessary High-Yielded Compounded Medications by creating falsified patient records and making false entries in TRICARE audit forms to make it appear as though **DIAZ** had examined beneficiaries and determined the medical necessity of High-Yield Compounded Medications before prescribing the same to beneficiaries.

### Overt Acts

30. In furtherance of the conspiracy, and to accomplish its object and purpose, **DIAZ** and his co-conspirators committed and caused to be committed, in Lamar and Harrison Counties, in the Southern District of Mississippi, and elsewhere, the following overt acts:

    a. In or around December 2015, TRICARE, via Express Scripts, notified **DIAZ** that it was conducting an audit of the High-Yield Compounded Medications that he had prescribed and that were dispensed by Pharmacy 1;

    b. In or around January 2016, **DIAZ** met with Marketer 1 and Marketer 2 to discuss the December 2015 TRICARE audit;

    c. **DIAZ**, Marketer 1, and Marketer 2 agreed to create falsified patient records to make it appear as though **DIAZ** had examined the beneficiaries prior to prescribing High-Yield Compounded Medications that were dispensed by Pharmacy 1;

    d. In or around January 2016, **DIAZ** met with S.C., a TRICARE beneficiary, for whom he had prescribed High-Yield Compounded Medications on or about October 23,

2014, and whom **DIAZ** had not previously examined;

  e. In or around January 2016, after meeting with S.C., **DIAZ** falsified S.C.'s patient record indicating that **DIAZ** had examined S.C. prior to prescribing S.C. High-Yield Compounded Medications on or about October 23, 2014;

  f. In or around January 2016, after meeting with S.C., **DIAZ** completed the TRICARE audit response form for S.C. and indicated that he examined S.C. before prescribing High-Yield Compounded Medications to S.C.;

  g. In or around March 2016, **DIAZ** caused the falsified patient record and the TRICARE audit response form with a false entry for S.C. to be submitted to TRICARE in response to the December 2015 TRICARE audit;

  h. In or around May 2016, **DIAZ** caused the falsified patient record for S.C. to be submitted to the United States Department of Defense and the United States Department of Justice in response to the federal administrative subpoena.

All in violation of Title 18, United States Code, Section 371.

## COUNTS 12-16

31. Paragraphs 1 through 16, 20 and 30 of the Indictment are realleged and incorporated by reference herein as though fully set forth herein.

32. In or around the dates identified in the table below, in Lamar and Harrison Counties, in the Southern District of Mississippi, and elsewhere, the defendant, **ALBERT DIAZ, M.D.**, aided and abetted by others known and unknown to the Grand Jury, did knowingly alter, destroy, mutilate, conceal, cover up, falsify or make a false entry in a document with the intent to impede, obstruct, and influence the investigation and proper administration of a matter within the jurisdiction of a department and agency of the United States, that is, the United States

Department of Defense and the United States Department of Justice.

| Count | Beneficiary | Approx. Date | Description of Falsification |
|---|---|---|---|
| 12 | M.C. | January 2016 | Defendant made or caused to be made a false representation on a TRICARE audit form indicating that he personally examined M.C. before prescribing High-Yield Compounded Medications when he had not performed any examination of M.C. before prescribing High-Yield Compounded Medications |
| 13 | S.C. | January 2016 | Defendant made or caused to be made a false representation on a TRICARE audit form indicating that he personally examined S.C. before prescribing High-Yield Compounded Medications when he had not performed any examination of S.C. before prescribing High-Yield Compounded Medications |
| 14 | S.C. | January 2016 | Defendant made or caused to be made a false representation in S.C.'s patient chart indicating that he personally examined S.C. on or about October 23, 2014 before prescribing High-Yield Compounded Medications when he had not performed any examination of S.C. before prescribing High-Yield Compounded Medications |
| 15 | L.H. | January 2016 | Defendant made or caused to be made a false representation on a TRICARE audit form indicating that he personally examined L.H. before prescribing High-Yield Compounded Medications when he had not performed any examination of L.H. before prescribing High-Yield Compounded Medications |
| 16 | L.H. | January 2016 | Defendant made or caused to be made a false representation in L.H.'s patient chart indicating that he personally examined L.H. on or about October 21, 2014 before prescribing High-Yield Compounded Medications when he had not performed any examination of L.H. before prescribing High-Yield Compounded Medications |

All in violation of Title 18, United States Code, Sections 1519 and 2.

## NOTICE OF INTENT TO SEEK CRIMINAL FORFEITURE

1. Upon conviction of Counts 1 through 5 contained in this Indictment, the defendant, **ALBERT DIAZ, M.D.**, shall forfeit to this United States pursuant to 18 U.S.C. § 982(a)(7), all property, real and personal, that constitutes or is derived, directly or indirectly, from gross proceeds of the violations, including but not limited to a sum of money equal to the amount of gross proceeds of the offenses.

2. Upon conviction of Counts 6 through 10 contained in this Indictment, the defendant, **ALBERT DIAZ, M.D.**, shall forfeit to the United States pursuant to 18 U.S.C. § 982(b) and 21 U.S.C. § 853, any property constituting, or derived from, proceeds obtained, directly or indirectly, as a result of the violations, including but not limited to a sum of money equal to the amount of proceeds of the offenses, and any of the defendant's property used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of such violations.

3. If any of the above-described forfeitable property, as a result of any act or omission of the defendant:

   a. cannot be located upon the exercise of due diligence;

   b. has been transferred or sold to, or deposited with, a third party;

   c. has been placed beyond the jurisdiction of the court;

   d. has been substantially diminished in value; or has been commingled with other property which cannot be divided without difficulty;

it is the intent of the United States, pursuant to 21 U.S.C. § 853(p) as incorporated by 18 U.S.C. § 982(b), to seek forfeiture of any other property of the defendant up to the value of the forfeitable property described above.

                                                D. MICHAEL HURST, JR.
                                                United States Attorney

A TRUE BILL:

s/ signature redacted
_____
Foreperson of the Grand Jury

This indictment was returned in open court by the foreperson or the deputy foreperson of the Grand Jury on this the 18th day of October, 2017.

                                                UNITED STATES DISTRICT JUDGE