IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION

UNITED STATES OF AMERICA

v.                                              CRIMINAL NO. 2:17-cr-31-KS-JCG

ALBERT DIAZ, M.D.

**UNITED STATES' MEMORANDUM IN SUPPORT OF ITS
<u>OMNIBUS MOTION *IN LIMINE*</u>**

The United States moves this Honorable Court for an order that the Defendant, Albert Diaz, M.D., and his counsel are precluded from mentioning, eliciting from any witness, or attempting to elicit from any witness, information relating to the topics described below in the presence of the jury without first obtaining permission from the Court.

**1.      Any suggestion or accusation that a prosecutor or agent engaged in misconduct.**

Allegations of misconduct should be handled outside the presence of the jury so that the Court can determine whether there is a factual foundation and probative value.

**2.      The presence or absence of any particular person on the government's witness list, or the government's plan to call or not call a particular witness.**

There are many reasons why the government will not call every witness on its list, including that the witness may become unavailable, the witness may lack credibility, the testimony may become cumulative, or the government may simply run out of time. A jury could be confused if told that the government listed a particular person on its witness list, but the person does not testify. In addition, although the government, of course, retains its burden of proof, no negative inference – such as speculation about what that witness might have said – is permitted based on the government's decision not to call a witness. *See United States v. Wilson*, 322 F.3d 353, 363 n.14 (5th Cir. 2003) (quoting *McClanahan v. United States*, 230 F.2d 919, 925 (5th Cir. 1956) ("[I]f the

1

witness is 'equally available' to both parties, any negative inference from one party's failure to call that witness is impermissible."). The Defendant can subpoena any witness available to the government. Thus, the Defendant should be precluded from commenting on or asking the jury to draw any negative inference from the absence of a particular witness.

3. **Any out-of-court statements made by the Defendant or any other person if offered to prove the truth of the matter asserted.**

When a defendant offers his or her own out-of-court statement, such as an email, letter, or text message, to prove the truth of the matter asserted, the statement is inadmissible hearsay. *See* Fed. R. Evid. 801, 802. Hence, the Defendant should be precluded from introducing self-serving hearsay statements through any witness—whether the government's witness or his own witness—as doing so would allow the Defendant to introduce his own statements without being subject to cross-examination.

4. **Disputes over discovery, including the timing of the production of records to the government by witnesses.**

Disputes over discovery are legal issues properly handled outside the presence of the jury.

5. **Which other persons have, or have not, been charged in this or other cases.**

Whether or not another person has been charged in this or other cases is irrelevant to the guilt or innocence of the Defendant, who is charged in this case.

6. **Any argument that encourages jurors to ignore the law, not follow this Court's instructions, or otherwise violate their oaths as jurors.**

Jurors must follow the law. In *United States v. Thompson*, the Fifth Circuit stated that "[l]ike other circuits, we hold that the right to make closing argument does not include the right to have counsel make an improper argument encouraging the jury to use its 'de facto power to refuse to apply the law as instructed by the court [and] exercise . . . such power in dereliction of the jury's sworn duty.'" 253 F.3d 700, 2001 WL 498430, at *16 (5th Cir. Apr. 9, 2001) (unpublished)

(quoting *United States v. Funches*, 135 F.3d 1405, 1408 (11th Cir. 1998); *see also United States v. Thomas*, 116 F.3d 606, 614 (2d Cir. 1997) ("We categorically reject the idea that, in a society committed to the rule of law, jury nullification is desirable or that courts may permit it to occur when it is within their authority to prevent."); *United States v. Sepulveda*, 15 F.3d 1161, 1190 (1st Cir. 1993) ("A trial judge . . . may block defense attorneys' attempts to serenade a jury with the siren song of nullification . . ."). This request also encompasses any attempt by the defense to invoke the Defendant's age, health, or family needs that is intended to invoke sympathy from the jury. *See, e.g.*, *United States v. Rainone*, No. 09 CR 206, 2013 WL 389004, at *1 (N.D. Ill. Jan. 31, 2013) ("[T]he Court grants the Government's Motion to prohibit Defendant from introducing evidence of jury nullification. This ruling includes evidence or argument regarding [the defendant's] age, health, or family that is intended to invoke sympathy."). A jury's decision, especially during the guilt phase of a criminal trial, should be based upon the evidence, and not upon their sympathy for either the defendant or the victim of a particular crime. *See Byrne v. Butler*, 847 F.2d 1135, 1139-40 (5th Cir. 1988).

The government is simultaneously filing a separate motion *in limine* to prevent the defense from making a jury nullification argument premised on the fact that the Defendant did not receive monetary compensation for writing the fraudulent prescriptions for compounded medications at issue in this case.

**7.      Plea negotiations, plea offers, or the rejection of a plea offer.**

The substance of plea negotiations, plea offers or a rejection of a plea offer is irrelevant.

**8.      Potential punishment or any other consequences that might result from a conviction.**

References to possible punishment would be an impermissible appeal to the jury's sympathy and is irrelevant. "The jury's function is to find the facts and to decide whether, on

those facts, the defendant is guilty of the crime charged. The judge, by contrast, imposes sentence on the defendant after the jury has arrived at a guilty verdict." *Simmons v. United States*, 512 U.S. 573, 579 (1994). "Information regarding the consequences of a verdict is therefore irrelevant to the jury's task. Moreover, providing jurors sentencing information invites them to ponder matters that are not within their province, distracts them from their factfinding responsibilities, and creates a strong possibility of confusion." *Id.*; *see also United States v. Buchner*, 7 F.3d 1149, 1153-54 (5th Cir. 1993) ("The jury is not allowed to consider a defendant's potential sentence as part of its deliberations."); Fifth Circuit Pattern Jury Instruction 1.20 (instructing the jury that the potential penalties faced by the defendant "should not enter your consideration or discussion.").

**9.     Defense counsel's personal opinions of, or relationship with, the Defendant.**

Defense counsel's personal opinions of or relationship with the Defendant is irrelevant and would constitute impermissible testimony on behalf of counsel unless defense counsel takes the stand as a witness.

**10.    The use of interview reports prepared by law enforcement to impeach government witnesses.**

In the course of the investigation of this case, law enforcement agents created interview reports that, among other things, summarized interviews conducted with prospective witnesses. Those reports are not the statements of the witnesses – they are the statements of the agent who prepared them. Thus, although the Defendant may ask the witness about topics discussed in the report, if they are not satisfied with the answer, the Defendant may not introduce the contents of the interview reports to impeach an interviewee. The government also requests that this Court preclude the Defendant from publishing the contents of the interview reports to the jury, or otherwise suggesting to the jury that the interview report is a statement of the witness. *See Palermo v. United States*, 360 U.S. 343, 349-52 (1959); *Goldberg v. United States*, 425 U.S. 94, 110 n.19

4

(1976); *United States v. Merida*, 765 F.2d 1205, 1215 (5th Cir. 1985) (holding that interview reports were not statements of the witness subject to the Jencks Act because they did not contain any "substantially verbatim recital of an oral statement," and were not "signed or otherwise adopted by the witness.").

As a result, courts have also held that such interview reports may not be used to impeach that witness "unless the witness has subscribed to or otherwise adopted the statement as his own." *United States v. Saget*, 991 F.2d 702, 710-11 (11th Cir. 1993); *see also United States v. Leonardi*, 623 F.2d 746, 757 (2d Cir. 1980) (holding that because "the written statement of the FBI agent was not attributable to [the witness]" it was "properly rejected as a prior inconsistent statement"); *United States v. Hill*, 526 F.2d 1019, 1026 (10th Cir. 1975) (upholding the trial court's decision to "not allow counsel to use the 302 statement to impeach a witness because the witness did not prepare or sign the document and probably never adopted it."). As the Supreme Court emphasized in *Palermo*, it would "be grossly unfair to allow the defense to use statements to impeach a witness which could not fairly be said to be the witness' own rather than the product of the investigator's selections, interpretations, and interpolations." *Palermo*, 360 U.S. at 350.

**11.    Any evidence, statements, or arguments intended to shift blame to TRICARE, which is the victim of the fraud.**

Any evidence or argument that TRICARE failed to take adequate precautions to insulate itself from fraud, waste and abuse is not admissible. The negligence of a victim in failing to discover a fraudulent scheme is not a defense to the defendant's criminal misconduct. *United States v. Kreimer*, 609 F.2d 126, 132 (5th Cir. 1980) ("The victim's negligence is not a defense to criminal conduct. The truth about virtually every scheme to defraud could be obtained if the gull were clever and diligent enough . . . The laws protecting against fraud are most needed to protect the careless and the naïve from lupine predators, and they are designed for that purpose.").

5

Therefore, the Defendant should not be permitted to argue that TRICARE's failure or inability to discover the crime is an excuse for his own conduct, and should be precluded from doing so through argument or cross-examination—or any other means—at trial.

**12.     Specific instances of prior good acts.**

Specific instances of good conduct or good character are irrelevant to the conduct charged in the Indictment. *See, e.g., United States v. Berry*, Case No. 4:06-cr-104, 2007 WL 324027, at *1 (N.D. Miss. Jan. 31, 2007) ("[T]he court does not presently see any reason why [the defendant's] career history or commendations as a physician would be at all pertinent or relevant to the charges in the indictment . . . as a matter of principle, [the defendant's] commendations as a physician bear no relevance to whether or not she committed the crimes of which she is accused since she could be the most competent, skilled physician in the world and still have committed crimes. That is, being a good physician does not demonstrate *ipso facto* that a person is truthful. Therefore, the court concludes that as a preliminary matter, evidence of [the defendant's] commendations as a physician will be excluded unless otherwise shown to be relevant under Fed. R. Evid. 401 and 402 before submission before the jury.").

Whether the Defendant was an otherwise law abiding citizen who never abused his position as a physician is not probative of his conduct in connection with the crimes charged in this case. *See* Fed. R. Evid. 404(a), 405(a); *United States v. Cleveland*, No. 96 CR 207, 1997 WL 253124, at *2 (E.D. La. May 14, 1997) ("A defendant may not seek to establish his innocence . . . through proof of the absence of criminal acts on specific occasions."); *United States v. Hill*, 40 F.3d 164, 168-69 (7th Cir. 1994) ("[A] defendant may not produce evidence of specific instances of law-abidingness as part of his defense" in order to show his good character). In other words, there are no circumstances under which the Defendant's prior good acts are relevant to whether he engaged

in the criminal conduct charged in this case. Accordingly, specific instances of the Defendant's good conduct should be excluded as irrelevant.

**13.    The existence or content of the United States' motions and any order of this Court in response to those Motions.**

The existence and content of this motion and other motions filed by the government are irrelevant to the matters to be decided by the jury.


Dated: January 24, 2018                           Respectfully submitted,

                                                  D. MICHAEL HURST, JR.
                                                  UNITED STATES ATTORNEY

                                          By:     s/ Jared L. Hasten

                                                  Mary Helen Wall (MS Bar #100857)
                                                  Assistant United States Attorney
                                                  501 E. Court Street, Suite 4.430
                                                  Jackson, Mississippi 39201-0101
                                                  Telephone: (601) 965-4480
                                                  Fax: (601) 965-4409
                                                  mary.helen.wall@usdoj.gov

                                                  Katherine E. Payerle (NC Bar #36897)
                                                  Jared L. Hasten (IL Bar #6296695)
                                                  Trial Attorneys
                                                  U.S. Department of Justice
                                                  Criminal Division, Fraud Section
                                                  1400 New York Ave., N.W.
                                                  Washington, D.C. 20005
                                                  Telephone: (202) 816-9269
                                                  katherine.payerle@usdoj.gov
                                                  jared.hasten@usdoj.gov

**CERTIFICATE OF SERVICE**

  I, Jared L. Hasten, hereby certify that on this day, I electronically filed the foregoing with the Clerk of the Court using the ECF system which sent notification of such filing to all parties of interest.

  On this, the 24th day of January, 2018.

                s/ Jared L. Hasten
                Jared L. Hasten
                Trial Attorney