# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
# EASTERN DIVISION

**UNITED STATES OF AMERICA**

v.                                               **CRIMINAL NO. 2:17-CR-31-KS-JCG**

**ALBERT DIAZ**

## ORDER

Defendant is charged with 1) conspiring to commit wire fraud; 2) conspiring to defraud Tricare, a federal health care benefit program for members and retirees of the United States military and their families; 3) four counts of wire fraud; 4) conspiring to distribute a Schedule III controlled substance outside the scope of professional practice and without a legitimate medical purpose; 5) four counts of distributing a Schedule III controlled substance outside the scope of professional practice and without a legitimate medical purpose; 6) conspiring to falsify entries in patient files and/or Tricare audit forms with the intent of impeding or obstructing a federal grand jury investigation of the above-referenced fraud; and 7) five counts of falsifying entries in patient files and/or Tricare audit forms with the intent of impeding or obstructing a federal grand jury investigation of the above-referenced fraud.

Beginning in September 2016, one of Defendant's co-conspirators, Gerald "Jay" Schaar, began surreptitiously recording conversations with Defendant in cooperation with the Government. At this point, the investigation had been ongoing for several months, and Defendant was represented by counsel in his interactions with the Government, although he had not yet been indicted.

Defendant argues that Government counsel violated the Mississippi Rules of Professional Conduct by inducing Schaar to communicate with Defendant outside the presence of Defendant's counsel. *See* Miss. R. of Prof. Conduct 4.2. Therefore, Defendant argues that the Government violated 28 U.S.C. § 530B(a), which provides: "An attorney for the Government shall be subject to State laws and rules, and local Federal court rules, governing attorneys in each State where such attorney engages in that attorney's duties, to the same extent and in the same manner as other attorneys in that State." 28 U.S.C. § 530B(a). Defendant filed a Motion to Dismiss [31] the indictment or, alternatively, suppress the recordings obtained in alleged violation of ethical rules. Defendant also filed a Motion for an Evidentiary Hearing [55] with respect to the underlying Motion to Dismiss [31] or suppress.

First, no evidentiary hearing is necessary. Defendant's Motion to Dismiss or Suppress [31] presents two legal questions: 1) whether the Government violated the Mississippi Rules of Professional Conduct by having a co-conspirator record conversations in a non-custodial, pre-indictment setting with the subject of an investigation who was represented by counsel, and 2) whether, in the case of such violation, dismissal of the indictment or suppression of the recordings is the appropriate remedy. Defendant has not articulated any factual disputes that the Court must resolve in order to address these legal questions. As there is no factual dispute, the Court need not hold an evidentiary hearing. *See United States v. Fields*, 565 F.3d 290, 298 (5th Cir. 2009); *United States v. Dean*, 100 F.3d 19, 21 (5th Cir. 1996); *United States v. Briscoe*, 596 F. App'x 299, 302 (5th Cir. 2015); *United States v. Turner*, 372

F. App'x 455, 456 (5th Cir. 2010).

The Fifth Circuit directly addressed the issue presented in Defendant's Motion to Dismiss or Suppress [31] and found that "professional disciplinary rules do not apply to government conduct prior to indictment . . . ." *United States v. Johnson*, 68 F.3d 899, 902 (5th Cir. 1995); *see also United States v. Heinz*, 983 F.2d 609, 613 (5th Cir. 1993). In fact, DOJ regulations specifically provide that 28 U.S.C. § 530B "should not be construed in any way to alter federal substantive, procedural, or evidentiary law . . . ." 28 C.F.R. § 77.1(b). Virtually every federal court to address this issue has ruled that similar ethical rules do not apply to the investigatory phase of law enforcement.[1] Only one Circuit has applied a no-contact rule in a non-custodial, pre-indictment setting, and it still declined to suppress the recorded statements. *United States v. Hammad*, 858 F.2d 834, 842 (2nd Cir. 1988).

Defendant agues that the Fifth Circuit decisions approving of such investigatory

---

[1] *See, e.g. United States v. Brown*, 595 F.3d 498, 516 (3rd Cir. 2010); *United States v. Cope*, 312 F.3d 757, 773 (6th Cir. 2002); *United States v. Plumley*, 207 F.3d 1086, 1095 (8th Cir. 2000); *United States v. Lowery*, 166 F.3d 1119, 1125 (11th Cir. 1999); *United States v. Balter*, 91 F.3d 427, 436 (3rd Cir. 1996) (Alito, J.); *United States v. Powe*, 9 F.3d 68, 69 (9th Cir. 1993); *United States v. Ryans*, 903 F.2d 731, 739 (10th Cir. 1990); *United States v. Sutton*, 801 F.2d 1346, 1366 (D.C. Cir. 1986); *United States v. Fitterer*, 710 F.2d 1328, 1333 (8th Cir. 1983); *United States v. Elliott*, 684 F. App'x 685, 693-94 (10th Cir. 2017); *United States v. Grass*, 239 F. Supp. 2d 535, 542 (M.D. Penn. 2003); *United States v. Joseph Binder Schweizer Emblem Co.*, 167 F. Supp. 2d 862, 866 (E.D.N.C. 2001); *United States v. Marcus*, 849 F. Supp. 417, 421 (D. Md. 1994) (listing numerous cases); *In re Disciplinary Proceedings Re: Doe*, 876 F. Supp. 265, 268 (M.D. Fla. 1993); *United States v. Heine*, 2016 WL 6808595, at *22 (D. Ore. Nov. 17, 2016); *United States v. Sabean*, 2016 WL 5721135, at *5 (D. Me. Oct. 3, 2016); *United States v. Voigt*, 2015 WL 9581740, at *2 (D. Minn. Dec. 30, 2015); *United States v. Lash*, 2010 WL 5437275, at *4 (E.D. La. 2010).

3

tactics predate the Ethical Standards for Prosecutors Act of 1998, which requires Government attorneys to abide by state rules governing attorneys. *See* 28 U.S.C. § 530B. However, the Court cited numerous authorities above which post-date the Act and reach the same conclusion. Moreover, only the United States Supreme Court or the Fifth Circuit sitting *en banc* can overrule prior Fifth Circuit panel decisions. *See United States v. Lipscomb*, 299 F.3d 303, 313 (5th Cir. 2002). Therefore, the Court must follow the Fifth Circuit's prior decisions on this issue.

*Stahl v. Wal-Mart Stores, Inc.*, 47 F. Supp. 2d 783 (S.D. Miss. 1998), cited by Defendant, is irrelevant because, among other reasons, it is a civil case. In *Heinz*, the Fifth Circuit considered particular applications, problems, and limitations of the no-contact rule in the context of pre-indictment, non-custodial, investigatory functions of law enforcement. *See Heinz*, 983 F.2d at 613-14. Contrary to Defendant's blanket assertions in briefing, ethical rules are frequently applied differently in the criminal context than in the civil.

Finally, even if there were Fifth Circuit precedent holding that the Government's use of a co-conspirator to record conversations with a subject of investigation in a non-custodial, pre-indictment setting constitutes a violation of a state bar's no-contact rule, it does not necessarily follow that the indictment must be dismissed or the recordings suppressed. "Government misconduct does not mandate dismissal of an indictment unless it is so outrageous that it violates the principle of fundamental fairness under the due process clause of the Fifth Amendment." *United*

4

*States v. Mauskar*, 557 F.3d 219, 231-32 (5th Cir. 2009). "Such a violation will only be found in the rarest circumstances." *Id.* To merit dismissal of the indictment, the Government's actions must be "shocking to the universal sense of justice." *United States v. Russell*, 411 U.S. 423, 432, 93 S. Ct. 1637, 36 L. Ed. 2d 366 (1973). The Fifth Circuit has declined to find outrageous conduct in far worse situations than this one. *See United States v. Sandlin*, 589 F.3d 749, 759 (5th Cir. 2009) (listing cases). Defendant has cited no authorities indicating that the Government's conduct in the present case meets such a high standard.

Moreover, "[s]uppression of evidence . . . has always been our last resort, not our first impulse." *United States v. Leon*, 468 U.S. 897, 907, 104 S. Ct. 3405 82 L. Ed. 2d 677 (1984). "There is no basis for judicial imposition of the exclusionary rule for a statutory violation when Congress has not provided that remedy." *United States v. Guerrero*, 768 F.3d 351, 358 (5th Cir. 2014).[2] Section 530B provides no remedy for violations of state professional responsibility rules. Likewise, the Mississippi Rules of Professional Conduct provide no remedy, and, in any case, it does not necessarily follow that this Court would be required to adopt the state remedy. Even if the Government's actions here constituted prosecutorial misconduct egregious enough to constitute a due

---

[2] *See also Sanchez-Llamas*, 548 U.S. at 348 (declining to apply exclusionary rule where Government violated federal statute); *United States v. Caceres*, 440 U.S. 741, 754-55, 99 S. Ct. 1465, 59 L. Ed. 2d 733 (1979) (violation of agency regulations does not merit application of exclusionary rule); *United States v. Guerrero*, 768 F.3d 351, 358 (5th Cir. 2014) (declining to exclude evidence obtained in alleged violation of the Stored Communications Act); *Rios-Arias v. Sessions*, 684 F. App'x 441 (5th Cir. 2017) (declining to apply exclusionary rule where agents allegedly violated certain federal regulations).

process violation, the Court finds that the good faith exception to the exclusionary rule applies because, as noted above, there is overwhelming support in the case law for the Government's position. *See Heinz*, 983 F.2d at 614 (holding that even if prosecutors had violated ethical rules, good faith exception applied and suppression was not justified).

For all of these reasons, the Court **denies** Defendant's Motion for an Evidentiary Hearing [55] and Motion to Dismiss or Alternatively to Suppress Evidence [31].

SO ORDERED AND ADJUDGED this 21st day of February, 2018.

         /s/ Keith Starrett
         KEITH STARRETT
         UNITED STATES DISTRICT JUDGE