IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION

UNITED STATES OF AMERICA

v.                                    CRIMINAL NO. 2:17-CR-31-KS-JCG

ALBERT DIAZ

ORDER

The Government filed an Omnibus Motion in Limine [25] addressing several categories of evidence. For the reasons below, the Court **grants the motion in part and denies it in part**.

A.      *Prosecutorial Misconduct*

First, the Government argues that the Court should exclude any allegations of prosecutorial misconduct. The Court grants this request as to any suggestion, allegation, or argument that the Government's use of a co-conspirator to record conversations with Defendant constitutes misconduct or an ethical violation. The Court has already addressed this issue in a prior order. But the Court denies this request in all other respects, without prejudice to the Government's ability to raise issues on a case-by-case basis at trial. If there are further issues to be addressed, the Court directs the parties to raise them outside the presence of the jury in advance of any argument or attempt to elicit testimony or otherwise introduce related evidence.

B.      *Presence or Absence of Witnesses*

Next, the Government argues that the Court should preclude Defendant from

commenting on or asking the jury to draw any negative inferences from the presence and/or absence of any particular witness in the Government's case. "[A] party's failure to call available witnesses . . . that would clarify or explain disputed factual issues can give rise to a presumption that the evidence, if produced, would be unfavorable to that party." *United States v. Wilson*, 322 F.3d 353, 363 (5th Cir. 2003). But "if the witness is 'equally available' to both parties, any negative inference from one party's failure to call that witness is impermissible." *Id.* at 363 n. 14 (citing *McClanahan v. United States*, 230 F.2d 919, 925 (5th Cir. 1956)). In this context, "availability" is not determined by "mere physical presence at the trial or . . . accessibility for the service of a subpoena . . . ." *Id.* (quoting *McClanahan*, 230 F.2d at 926). The witness's "availability" may depend on his or her relationship to one or more of the parties, and the nature of the expected testimony. *Id.* In other words, if the witness "is connected in some way to one of the parties and it might be expected that his testimony, if given, would corroborate that party's theory of the case, the missing witness is not considered to be 'equally available' to both parties . . . ." *Id.*

This issue can not be addressed in abstract. The Court must make these determinations with respect to the specific witness at issue. Therefore, the Court denies this aspect of the Government's motion without prejudice to any party's right to raise the issue again at trial. The Court directs the parties to raise the issue outside the presence of the jury in advance of any attempt to make such arguments or introduce such evidence.

### C.      Out-of-Court Statements

The Government argues that Defendant should be precluded from introducing any of his own out-of-court statements insofar as such statements would constitute inadmissible hearsay and would not be subject to cross-examination. The Court reserves ruling on this issue until provided a more specific argument at trial. The Court directs the parties to raise this issue outside the presence of the jury in advance of any attempt to introduce such statements.

### D.      Discovery Issues

The Government argues that any discovery disputes should be addressed outside the presence of the jury. The Court presently declines to exclude all argument or evidence that might relate to a discovery issue, but the Government is free to raise this issue at trial with greater specificity. The Court directs the parties to raise any discovery disputes outside the presence of the jury. Also, if any party intends to introduce any evidence related to an asserted discovery dispute, the Court directs them to notify the Court in advance outside the presence of the jury so that the Court can address any objections.

### E.      Others Charged

The Government argues that the Court should exclude any evidence regarding whether other persons have been charged in this or other cases. In response, Defendant notes that the Government intends to present cooperating witnesses who have either already been charged or could yet be charged for their role in the alleged conspiracy. "[I]t is exclusively the job of the jury to . . . determine a witness's credibility." *United*

*States v. Lewis*, 442 F. App'x 88, 96 (5th Cir. 2011) (citing *United States v. Garcia*, 567 F.3d 721, 731 (5th Cir. 2009)). "This is true even in the case of a witness who is compensated or cooperating under a plea bargain or promise of leniency . . . ." *Id.* If a witness has been offered something by the Government in exchange for his or her cooperation and testimony, that is relevant to his or her credibility. *See United States v. Tashman*, 478 F.2d 129, 131 (5th Cir. 1973) (quoting *Giglio v. United States*, 405 U.S. 150, 153, 92 S. Ct. 763, 31 L. Ed. 2d 104 (1972)); *United States v. Dong Dang Huynh*, 420 F. App'x 309, 316 (5th Cir. 2011). The Court denies this aspect of the Government's motion.

## F.   *Jury Nullification*

The Government argues that the Court should exclude any argument that encourages jurors to ignore the law, not follow the Court's instructions, or otherwise violate their oaths as jurors. In response, Defendant represents that he has no intention to make such an argument.

Jury nullification is an "important part of the jury trial system guaranteed by the Constitution," *United States v. Leach*, 632 F.2d 1337, 1341 n. 12 (5th Cir. 1980), but jury nullification "is not a 'right' belonging to the defendant," and no defendant has the right to make an argument for nullification to the jury. *United States v. Thompson*, 253 F.3d 700, 2001 WL 498430, *16 (5th Cir. 2001). Accordingly, the Court grants this aspect of the Government's motion.

## G.   *Plea Negotiations, Offers, or Rejections of Such*

The Government argues that the Court should exclude any evidence or argument related to the substance of plea negotiations, offers, or the rejection of such. In response, Defendant represents that he presently has no intention of offering such evidence or argument, but requests that the Court reserve ruling on such issues when the arise.

The Court assumes that the Government refers to plea negotiations and offers with Defendant. Based on that assumption, the Court grants the Government's motion as to this issue because any such negotiations or offers are irrelevant to the jury's task. However, if, in the course of trial, Defendant decides that he wishes to present such evidence, the Court is willing to revisit this issue if Defendant can demonstrate relevance.

## H.   *Sentencing*

The Government argues that the Court should exclude all evidence or argument related to the potential sentence that Defendant could receive if convicted. The Court grants this aspect of the Government's motion because the potential sentence or penalty in case of conviction is irrelevant to the jury's determination and draws their attention away from their primary task. *Simmons v. United States*, 512 U.S. 573, 579, 114 S. Ct. 2419, 129 L. Ed. 2d 459 (1994); *Pope v. United States*, 298 F.2d 507, 508 (5th Cir. 1962).

## I.   *Counsel's Opinion of Defendant*

The Government argues that the Court should exclude any argument related to Defendant's counsel's personal opinions or relationship with the Defendant because

such information is irrelevant to the elements of the charged crimes and would constitute impermissible testimony by counsel. The Court grants this aspect of the Government's motion.

## J.     *Government Interview Reports*

The Government argues that the Court should exclude all interview reports created by law enforcement agents. In response, Defendant represents that he has no intention of seeking introduction of such reports unless the subject of the report had adopted it.

Counsel of record know the guidelines for introduction of 302's as extrinsic evidence of a prior inconsistent statement. *See, e.g. United States v. Saget*, 991 F.2d 702, 710-11 (11th Cir. 1993); *United States v. Pollani*, 218 F.3d 743, 2000 WL 821360, at *2 (5th Cir. 2000); *United States v. Haischer*, 2012 WL 5199148, at *2-*3 (D. Nev. Oct. 18, 2012). This is not an issue that the Court can address in abstract. The Court presently denies this aspect of the Government's motion, without prejudice to its right to raise the issue again at trial if necessary. If this becomes an issue at trial, the Court directs the parties to raise it outside the presence of the jury and in advance of the disputed testimony.

## K.     *TRICARE*

The Government argues that the Court should exclude any evidence or argument intended to shift blame to TRICARE, such as that it failed to take adequate precautions to insulate itself from fraud, waste, and abuse. The Court grants this aspect of the Government's motion with respect to any explicit argument that

6

Defendant's alleged conduct is excused or justified by TRICARE's alleged failures, but the Court presently denies it in all other respects. If either Defendant or the Government have any concerns about specific evidence or argument, they can raise them at trial outside the presence of the jury.

## L.     *Prior Good Acts*

The Government argues that the Court should exclude evidence of prior good conduct or good character. The Court presently denies this aspect of the Government's motion. Rule 404(a) specifically permits criminal defendants to offer evidence of a "pertinent" character trait, with the trade-off that the Government is then allowed to rebut that evidence. FED. R. EVID. 404(a); *see also* FED. R. EVID. 405; *United States v. Jackson*, 549 F.3d 963, 975-76 (5th Cir. 2008). To determine whether such evidence is admissible, the Court must compare the nature of the character evidence and the elements of the charged crimes. *See, e.g. United States v. John*, 309 F.3d 298, 303 (5th Cir. 2002); *United States v. McHann*, 2008 WL 5070312, at *1 (N.D. Miss. Nov. 21, 2008). The Court must also determine whether the evidence is general character or reputation evidence, or evidence of specific instances of conduct. *See Jackson*, 549 F.3d at 976; FED. R. EVID. 405. This issue can not be addressed in abstract. Therefore, the Court will address the admissibility of any character evidence at trial. If Defendant intends to put on such evidence, he must bring it to the Court's attention outside the presence of the jury so the Court can address the Government's objections.

## M.     *Motions and Orders*

Finally, the Government argues that the Court should exclude all evidence or argument concerning its motions and/or any order of the Court pertaining to those motions. Defendant represents that he has no intention of offering such evidence. The Court grants this aspect of the motion as such evidence or argument is irrelevant to the jury's task.

SO ORDERED AND ADJUDGED this 22nd day of February, 2018.

_____/s/ Keith Starrett_____
KEITH STARRETT
UNITED STATES DISTRICT JUDGE

8