IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION

**UNITED STATES OF AMERICA**

v.                                                                              **CRIMINAL NO. 2:17-CR-31-KS-JCG**

**ALBERT DIAZ**

### ORDER

For the reasons provided by the Court during the motions hearing held today, February 23, 2018, the Court **denies** Defendant's *ore tenus* Motion to Continue the trial of this matter.

For the reasons provided by the Court during the motions hearing held today, the Court **grants as unopposed** Defendant's Motion in Limine [62] requesting the Court to instruct certain witnesses as to their Fifth Amendment right to be free from self-incrimination.

For the reasons provided by the Court during the motions hearing held today, the Court **denies** Defendant's Motion for Reconsideration [67] of the Court's denial of Defendant's Motion to Dismiss [31] and Motion for an Evidentiary Hearing [55]. The Court previously ruled that the Government's attorneys did not violate Rule 4.2 of the Mississippi Rules of Professional Conduct, and nothing presented by Defendant changes the Court's conclusion on that issue. Moreover, even if they had violated Rule 4.2, neither dismissal of the indictment nor suppression would be an appropriate remedy, as explained in the Court's previous order. Finally, the Government did not

violate Defendant's Sixth Amendment rights because the Sixth Amendment right to counsel does not attach until a defendant is indicted, and the recordings at issue were made pre-indictment. *Canales v. Stephens*, 765 F.3d 551, 571 (5th Cir. 2014).

For the reasons provided by the Court during the motions hearing held today, the Court **grants in part as unopposed** Defendant's Motion to Dismiss [66] the notice of intent to seek criminal forfeiture in the indictment. The Court will not dismiss the notice of intent to seek forfeiture, but it will redact that portion of the indictment before it is submitted to the jury. The Court also instructs the Government to refrain from mentioning the issue of forfeiture in front of the jury. If evidence arises during trial relevant to the issue of forfeiture, the Government is free to raise the issue outside the presence of the jury and request that the Court revisit this ruling.

For the reasons provided by the Court during the motions hearing held today, the Court **grants in part** the Government's Motion in Limine [29] regarding Defendant's statements during purported proffer interviews. The Court finds – and Defendant's counsel admitted during the hearing – that there was no proffer agreement between Defendant and the Government. Accordingly, Defendant's statements to the agents during the pre-indictment interviews are admissible during the Government's case-in-chief as permitted by the Rules of Evidence.

Defendant argues that the interview statements are inadmissible pursuant to Rule 410, which bars admission against a criminal defendant of evidence of "a statement made during plea discussions with an attorney for the prosecuting authority if the discussions did not result in a guilty plea . . . ." FED. R. EVID. 410(a)(4). However,

the Government's attorneys represented to the Court that there were no plea negotiations or discussions conducted during the interviews in question, and Defendant has not presented any evidence to the contrary. Indeed, Defendant's present counsel was not present during the interviews and, therefore, has no personal knowledge of what occurred. Additionally, the interviews occurred before Defendant had been indicted.

SO ORDERED AND ADJUDGED this 23rd day of February, 2018.

/s/ Keith Starrett
KEITH STARRETT
UNITED STATES DISTRICT JUDGE