IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION

UNITED STATES OF AMERICA

v.                                                       CRIMINAL NO. 2:17-cr-31-KS-JCG

ALBERT DIAZ, M.D.

**UNITED STATES' RESPONSE IN OPPOSITION TO THE DEFENDANT'S MOTION TO EXCLUDE THE EXPERT TESTIMONY OF CAPTAIN EDWARD C. NORTON, JR.**

The Defendant's Motion to Exclude the Expert Testimony of Captain Edward C. Norton, Jr. should be denied because Captain Norton's proffered testimony about TRICARE rules and regulations is admissible, and Captain Norton has offered testimony about these rules and regulations in prior federal criminal trials. *See United States v. Francois, et al.*, No. 16-cr-20399 (S.D. Fl.) (attached as Exhibit 1); *United States v. Howard, et al.*, No. 6:17-cr-143 (M.D. Fl.) (attached as Exhibit 2).

Captain Norton is a captain in the United States Navy. He has worked for the Defense Health Agency, and managed TRICARE's pharmacy benefit program. At trial, Captain Norton is expected testify that TRICARE rules and regulations provide that TRICARE would not reimburse a claim for the dispensing of compounded medication that was not medically necessary. (*See* Exhibit 3, United States' Notice of Expert Witness Testimony provided to Defense Counsel on 2/1/2018, at 5-7). According to TRICARE, the medical necessity of compounded medications is evidenced by a prescription signed by an authorized prescriber, including a physician. *Id.* In other words, a prescription is a statement by a physician that the physician has determined that there is a medical necessity for the medication prescribed. *Id.* Captain Norton is expected to testify that TRICARE is a system built on trust, and that when it receives a claim for the dispensing of

compounded medications, such claim was predicated on the receipt of a valid prescription written by a physician or other authorized prescriber. *Id.* Additionally, Captain Norton is expected to testify that TRICARE trusts that the physician issuing the prescription personally examined the beneficiary to determine medical necessity. *Id.* In a similar vein, Captain Norton is expected to testify that, during the course of the audit of the Defendant, the representations made by the Defendant that he personally examined the beneficiaries before prescribing compounded medications were important and material statements in the context of that audit. *Id.*

The Defendant's Motion raises three arguments to exclude or limit the testimony of Captain Norton: (1) Captain Norton cannot provide expert testimony; (2) any testimony regarding TRICARE's state of mind is irrelevant; and (3) any testimony regarding the scope of the fraud against TRICARE is irrelevant. (Mot., at 1-2).

All of these arguments fail: testimony such as that offered by Captain Norton about the rules and regulations of government insurance providers is relevant and admissible in criminal health care fraud trials. *See, e.g.*, *United States v. Dean*, 710 F.3d 219, 223 (5th Cir. 2012) (noting how a Medicare claims processor testified as to Medicare regulations governing ambulance service providers, including the requirement to not knowingly or recklessly submit false claims); *United States v. Usman*, 460 F. App'x 414, 417 (5th Cir. 2012) (discussing how a witness provided testimony regarding the Medicare fee schedules and reimbursement rates); *United States v. Bonham*, 189 F.3d 466, at *5-6 (5th Cir. 1999) (discussing how a Medicare representative testified about how when a physician submits a HCFA 1500 form, the physician certifies that he provided the medical services for which the claim was submitted); *United States v. Crabtree*, 878 F.3d 1274 (11th Cir. 2018) (holding that the district court did not err in admitting testimony regarding Medicare local coverage determinations); *United States v. Hunt*, 521 F.3d 636, (6th Cir. 2008)

(affirming health care fraud conviction on sufficiency of the evidence and discussing expert's testimony regarding Medicare's requirement that it only reimburse for diagnostic tests that are medically necessary); *United States v. Abdallah*, 629 F. Supp. 2d 669, 750 (S.D. Tex. 2009) (finding expert testimony on Medicare rules and regulations was both relevant and reliable).

*First*, as the government stated in its notice, the government disclosed Captain Norton as both a lay witness, and alternatively, as an expert witness.  (Ex. 3, at 2).  The government did so because other courts have held that such an expert notice is necessary for this type of testimony. *See, e.g., United States v. Bergman*, 852 F.3d 1046, 1068-69 (11th Cir. 2017); *United States v. Willner*, 795 F.2d 1297, 1316 (11th Cir. 2015).  The government's position is that Captain Norton's testimony about TRICARE's rules and regulations is properly admissible as either lay or expert testimony, and to the extent that such testimony is deemed expert testimony, the government has complied with the notice requirement.

*Second*, as discussed *infra*, Captain Norton's expected testimony about TRICARE's rules and regulations is admissible.  Contrary to the Defendant's assertions (Mot., at 2-3), the government is calling Captain Norton to provide context as to why TRICARE only pays certain claims (i.e., only those that are medically necessary) and why it would not reimburse a claim predicated on a prescription written by a physician for a beneficiary whom that physician never personally examined to determine medical necessity.  In other words, because TRICARE trusts that physicians personally examine patients when prescribing medications before paying claims, such prescriptions are material in TRICARE's decision to pay a claim for that medication. Although the government will not ask Captain Norton to define what constitutes a false statement, it intends to elicit testimony regarding how a prescription is a statement from a physician that the prescribed medication is medically necessary.

3

*Third*, TRICARE's losses for reimbursing for medically unnecessary compounded medication is relevant because those are the very types of medications that the Defendant prescribed in this case.  Captain Norton is expected to testify about how the claims submitted to TRICARE spiked during the relevant time period when the Defendant prescribed the compounded prescriptions at issue.  Captain Norton is further expected to testify about how this spike occurred and the remedial measures that TRICARE implemented to combat the perceived fraud.  Captain Norton is anticipated to discuss the efforts undertaken by TRICARE to root out the fraud.  As indicated above, Captain Norton testified about these subjects during the *Howard* trial.  (Ex. 2).  The Defendant in this case was audited, and the false statements in that audit are relevant to the obstruction of justice charges.  In sum, Captain Norton's anticipated testimony about the rampant TRICARE fraud is relevant to provide context for why these compounded prescriptions were written and what TRICARE did to combat the fraud, including auditing physicians, such as the Defendant.

WHEREFORE, for the reasons stated herein, the government respectfully requests that the Court deny the Defendant's Motion to Exclude the Expert Testimony of Captain Edward C. Norton.

Dated: February 26, 2018              Respectfully submitted,

                                                D. MICHAEL HURST, JR.
                                                UNITED STATES ATTORNEY

                                    By:     s/ Jared L. Hasten

                                                Mary Helen Wall (MS Bar #100857)
                                                Assistant United States Attorney
                                                501 E. Court Street, Suite 4.430
                                                Jackson, Mississippi 39201-0101
                                                Telephone: (601) 965-4480
                                                Fax: (601) 965-4409

        mary.helen.wall@usdoj.gov

        Katherine E. Payerle (NC Bar #36897)
        Jared L. Hasten (IL Bar #6296695)
        Trial Attorneys
        U.S. Department of Justice
        Criminal Division, Fraud Section
        1400 New York Ave., N.W.
        Washington, D.C. 20005
        Telephone: (202) 816-9269
        katherine.payerle@usdoj.gov
        jared.hasten@usdoj.gov

## CERTIFICATE OF SERVICE

    I, Jared L. Hasten, hereby certify that on this day, I electronically filed the foregoing with the Clerk of the Court using the ECF system which sent notification of such filing to all parties of interest.

    On this, the 25th day of February, 2018.

s/ Jared L. Hasten<br>Jared L. Hasten<br>Trial Attorney