## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
## EASTERN DIVISION

**UNITED STATES OF AMERICA**

v.                                                                              **CRIMINAL NO. 2:17-cr-31-KS-JCG**

**ALBERT DIAZ, M.D.**

### ORDER DENYING DEFENDANT'S MOTION FOR BAIL PENDING SENTENCING

BEFORE THE COURT is the Motion for Bail Pending Sentencing (ECF No. 79), filed by Defendant Albert Diaz. Defendant requests that he be granted bail pending his sentencing pursuant to 18 U.S.C. § 3143. The United States of America has filed a Response in Opposition (ECF No. 84) and Defendant a Reply (ECF No. 85). A hearing on the Motion was held on March 13, 2018. Having considered the submissions of the parties, the record, and relevant law, the Court finds that Defendant has not met the requirements for bail pending sentencing.

On March 2, 2018, a jury returned guilty verdicts against Defendant on all sixteen counts in the Indictment. A convicted defendant has no constitutional right to bail. *United States v. Williams,* 822 F.2d 512, 517 (5th Cir. 1987). 18 U.S.C. § 3143 establishes a presumption against the granting of bail after a conviction. *See* 18 U.S.C. § 3143(a); *United States v. Olis,* 450 F.3d 583, 585 (5th Cir. 2006). Defendant has not overcome the presumption because he has not established that there is a substantial likelihood that a motion for new trial will be granted; the Government has not recommended that no sentence of imprisonment be imposed; and Defendant has not established by clear and convincing evidence that he is not a flight risk or a danger to any other person or the community. Nor is the Court persuaded that Defendant has

shown exceptional reasons why his continued detention would not be appropriate. *See* 18 U.S.C. § 3145(c).

**IT IS, THEREFORE, ORDERED** that Defendant's Motion for Bail Pending Sentencing (ECF No. 79) is **DENIED**.

**SO ORDERED**, this the 13th day of March, 2018.

*s/ John C. Gargiulo*
JOHN C. GARGIULO
UNITED STATES MAGISTRATE JUDGE