# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
# EASTERN DIVISION

**UNITED STATES OF AMERICA**

v.                          **CRIMINAL NO. 2:17-CR-31-KS-JCG**

**ALBERT DIAZ**

### ORDER

For the reasons below, the Court **denies** Movant Rita Kay Diaz's Motion to Suspend [176] the restitution order and the Government's liens and garnishments. The Court also **grants** the Government's Motion to Quash [181] Diaz's request for a garnishment hearing, **denies** Diaz's Motion for Hearing [185], and **grants** the Government's Motion for Final Order of Garnishment [186].

### A. *Background*

On October 16, 2018, the Court entered a judgment against Defendant Albert Diaz, ordering him to pay restitution in the amount of $3,374,409.16, plus a $1,600.00 special assessment. To date, he has not made any substantial payment on this debt.

In March 2019, the Government applied for, and the Clerk issued Writs of Garnishment to Cedar Lake Medical Plaza, LLC ("Cedar Lake"), New Cedar Lake Surgery Center, LLC ("New Cedar Lake"), and Biloxi Outpatient Surgery and Endoscopy Center, Inc. ("Biloxi Outpatient"). Cedar Lake answered that Defendant owns "7.50280 % equity" in the company, and that it pays him approximately $3,100.00 each quarter in dividends, which the company is currently holding in trust. Biloxi Outpatient answered that it has $25,953.45 belonging to Defendant, and it

anticipates that it will owe Defendant another $70,973.97, payable in monthly installments of $998.44. New Cedar Lake represented that it does not possess any assets belonging to Defendant.

In December 2019, Defendant's wife, Rita Kay Diaz, filed a Motion [176] to suspend the Court's restitution order, the Government's liens, and the garnishments. Specifically, she argues that all the assets listed above are marital assets under Mississippi law, and she wants the Court to suspend the restitution order, liens, and garnishments to permit her to recover half of the amounts listed above, or approximately $60,000.00. The Government opposes the motion.

### B. *Motion to Suspend Restitution, Liens, & Garnishment [176]*

Diaz argues that the assets listed above are exempt from garnishment under Mississippi law and, therefore, exempt under the Federal Debt Collection Procedures Act ("FDCPA"). The FDCPA "authorizes the Government to garnish property 'in which the debtor has a substantial nonexempt interest and which is in the possession, custody, or control of a person other than the debtor, in order to satisfy the judgment against the debtor.'" *Id.* at 549 (quoting 28 U.S.C. § 3205(a)). Under the FDCPA, "co-owned property . . . is subject to garnishment to the same extent as co-owned property is subject to garnishment under the law of the State in which such property is located." *Id.*

However, the "state-law limitations in the FDCPA are inapplicable when the United States is enforcing a federal criminal debt." *United States v. Elashi*, 789 F.3d 547, 552 (5th Cir. 2015). The Mandatory Victims Restitution Act ("MVRA")

"authorizes the United States to collect federal criminal debts 'in accordance with the practices and procedures for the enforcement of a civil judgment under Federal law or State law.'" *Id.* at 549 (quoting 18 U.S.C. § 3613(a)). Fines, special assessments, and restitution orders constitute liens "in favor of the United States on all property and rights to property of the person fined as if the liability of the person fined were a liability for a tax assessed under the Internal Revenue Code . . . ." 18 U.S.C. § 3613(c). "The only property exempt from garnishment is property that the United States cannot seize to satisfy the payment of federal income taxes." *Elashi*, 789 F.3d at 549. Therefore, under the MVRA, the Government can garnish any property in which the judgment-debtor has a property interest, regardless of whether it is held jointly with a spouse, *id.* at 548-49, and the MVRA overrides conflicting federal laws, including the FDCPA. *Id.* at 552.

Here, even if the assets listed above are considered marital property under Mississippi law, they are still subject to garnishment because Defendant Albert Diaz owns an interest in them. Moreover, there has been no judgment entered granting Kay Diaz an interest in the subject assets. The Government's lien arose upon the entry of judgment. 18 U.S.C. § 3613(c). Therefore, to whatever extent Kay Diaz may be found by a state court to possess any interest in the subject assets, the Government's lien precedes it. The Court **denies** Kay Diaz's Motion to Suspend [176] the restitution order, liens, and garnishments.

C.  *Motion to Quash Request for Hearing [181]*

The Court **grants** the Government's Motion to Quash [181] Kay Diaz's request

for a hearing on her Motion to Suspend [176] the restitution orders, liens, and garnishments. For the reasons provided above, no hearing is necessary. There are no material factual disputes, and the Court does not require further argument on the motion.

### D. *Motion for Hearing to Set Restitution Schedule [185]*

Kay Diaz also filed a Motion [185] requesting a hearing to set a restitution payment schedule pursuant to 18 U.S.C. § 3664(f)(2). In response, the Government argues that Kay Diaz lacks standing to challenge the Court's earlier judgment, which included a restitution order.

Section 3664 provides: "In each order of restitution, the court shall order restitution to each victim in the full amount of each victim's losses as determined by the court and without consideration of the economic circumstances of defendant. 18 U.S.C. § 3664(f)(1)(A). However:

> Upon determination of the amount of restitution owed to each victim, the court shall . . . specify in the restitution order the manner in which, and the schedule according to which, the restitution is to be paid, in consideration of –
>
> (A) the financial resources and other assets of the defendant, including whether any of these assets are jointly controlled;
>
> (B) projected earnings and other income of the defendant; and
>
> (C) any financial obligations of the defendant; including obligations to dependents.

18 U.S.C. § 3664(f)(2).

Generally, "third parties lack standing in criminal proceedings." *McClure v. Ashcroft*, 335 F.3d 404, 411 (5th Cir. 2003). "[J]udgments, particularly criminal

judgments, should not be lightly disturbed," and the Court's "policy of finality is, and should be strong." *Id.* Accordingly, "[t]he standing doctrine protects final judgments from third-party collateral attacks. For example, even victims lack standing to challenge a criminal sentence." *Id.* at 412. And "the Federal Rules of Criminal Procedure express an aversion to allowing third-party interference with sentencing." *Id.* at 412-13.

In summary, third parties do not have standing to challenge a Court's criminal judgments, including its restitution orders. *See United States v. Yarbrough*, 571 F. App'x 318, 319 (5th Cir. 2014) (third party movant did not have standing to challenge district court's writ of garnishment in criminal proceeding); *United States v. Mindel*, 80 F.3d 394, 397 (9th Cir. 1996); *United States v. Johnson*, 983 F.2d 216, 219 (11th Cir. 1993); *United States v. Grundhoefer*, 916 F.2d 788, 791 (2nd Cir. 1990); *United States v. Krol*, 2017 WL 5632655, at \*4 (E.D.N.C. Nov. 22, 2017). Therefore, the Court **denies** Kay Diaz's Motion [185] requesting a hearing to set a restitution payment schedule pursuant to 18 U.S.C. § 3664(f)(2). The Court has already set a restitution payment schedule, and Kay Diaz does not have standing to challenge the Court's judgment.

### E.   *Motion for Final Order of Garnishments [186]*

Finally, the Government filed a Motion [186] for a final order of garnishment. The Court finds that the Government has complied with the statutory prerequisites of the FDCPA. Moreover, the property in question is not exempt from garnishment under 18 U.S.C. § 3613(a)(1). Finally, for the reasons provided above, the Court

overrules the objections of the third-party movant, Kay Diaz. Therefore, pursuant to 18 U.S.C. § 3205(c)(7), the Court hereby **grants** the Government's motion. The Court will enter a separate final order of garnishment.

## F.  *Conclusion*

For the reasons below, the Court **denies** Movant Rita Kay Diaz's Motion to Suspend [176] the restitution order and the Government's liens and garnishments. The Court also **grants** the Government's Motion to Quash [181] Diaz's request for a garnishment hearing, **denies** Diaz's Motion for Hearing [185], and **grants** the Government's Motion for Final Order of Garnishment [186]. The Court will enter a separate final order of garnishment.

SO ORDERED AND ADJUDGED this 23rd day of March, 2020.

/s/    Keith Starrett
KEITH STARRETT
UNITED STATES DISTRICT JUDGE